## ARMSTRONG v. UNITED STATES.
### No. 12034.

United States Court of Appeals
Sixth Circuit.
Feb. 18, 1954.

Byron T. Jenings, Jack W. Williams, Cincinnati, Ohio, for appellant.

Hugh K. Martin, Joseph C. Bullock, Cincinnati, Ohio, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

This is an appeal from denial by the district court of appellant's informal petition for writ of habeas corpus. The issue raised by him is that, upon his guilty plea to the four counts of an indictment for violation of the Dyer Act, 18 U.S.C.A. §§ 10, 2311–2313, the district judge sentenced him to five years' imprisonment on each count of the indictment to run concurrently but suspended the sentence on all four counts and that, therefore, no imprisonment being imposed upon him unless he violated such suspended sentence, he should have been discharged on habeas corpus.

Upon the facts found in the record, there is no merit in this appeal. At the open-court session during which the defendant was sentenced, the court, when the hearing had proceeded to a point where sentence was to be appropriately pronounced, said:

"It's the sentence of the Court you be confined in the custody of the Attorney General for five years on count one; five years on count two, the same on count three and the same on count four to run concurrently and they will be suspended. In other words, when you get out you will have this five years hanging over you. At the rate you have been going the chances are you will do the five years; but I think maybe you will have seen enough of prison by that time to go straight. At any rate, instead of giving you consecutive sentences we are making them concurrent. So it's up to you."

If the court had not added the second part of the above-quoted paragraph, the contention of appellant that the sentence on the entire four counts of the indictment had been suspended would be correct; but the second part of the orally pronounced sentence showed the intention of the judge to sentence the defendant to immediate confinement on the first count of the indictment and to impose a *suspended* sentence on the other three counts of the indictment, to run concurrently. In other words, considering the entire context as shown by the record, it is apparent that the intention of the judge was to suspend the sentence on only three counts.

The attorney for appellant, who represented him on pre-sentence hearing, stated in open court that his client— appellant—understood that the judge had sentenced him to serve five years in prison and that the suspended sentence applied only to the three additional counts. The attorney stated: "Your

Honor, there isn't any question in the world but that he (appellant) knew that he was getting a five-year sentence, to be served, and the other to be suspended, because after he got it I told him he was getting a five-year sentence and he said that your Honor hadn't taken into consideration the fact that he had served in jail approximately six months, * * *." He added that he advised his client to call that fact to the attention of the court. Appellant denied that the statement of the attorney was true; but the record supports the attorney's statement, for the transcript shows that immediately after the judge had finished pronouncing sentence, the following colloquy occurred:

(Defendant) "Your Honor, I would like to bring to the attention of the Court of my six and a half months in jail."

(The Court) "You have had what?"

(Defendant) "The default of my six and a half months in jail, which the District Attorney had refused back in December to let me plead guilty to information, which I come over here to do it with Bill Dammarell, and he just refused to let me plead guilty and held me for indictment and caused me to lay in jail six and a half months."

(Mr. Bullock, Asst. U. S. Attorney) "Well now, if the Court please, that isn't true. This defendant came over here to plead to an information, but he wanted to reserve the right to question his arrest—or his removal from Newport, Kentucky, jail to be arraigned before Mr. Geoghegan, and said that he felt that under the Federal rules he should have been taken to the Commissioner in Newport for a hearing. Under the circumstances we felt that we should not let him plead to an information with any such reservation, so the matter was presented to the grand jury; and Mr. Abrams, his appointed counsel, has filed proper motions to raise that question. Everything has been done—"

(The Court) "We have taken that into account and given you concurrent sentences on the remaining counts. As a matter of fact, you could be in for twenty years, and your previous record would justify that sentence. But I wanted to take into consideration your willingness to plead guilty, and we have shortened it to that extent. Now, I think the time has come for you to learn to recognize that you must obey the law. So, that is the sentence."

The record contains the following entry on May 15, 1953 (the same day on which the oral sentence in open court was pronounced by the district judge), certified by the Clerk of the Court, by deputy, as signed by the United States District Judge and approved by Assistant United States Attorney Joseph C. Bullock: "It Is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Five (5) Years on each of counts 1, 2, 3 and 4 of the Indictment, the sentences on counts 2, 3 and 4 to run concurrently with each other and to begin at the expiration and termination of the sentence on count 1. It Is Adjudged that the sentence on counts 2, 3 and 4 be suspended and that the said defendant be placed on probation for said period of Five (5) Years."

It is significant, in corroboration of the understanding of the court officials, namely, the Judge, the assistant United States Attorney in charge of the case for the Government, and the Clerk of the court, that this formal judgment of sentence and commitment was entered promptly on the day the appellant had been sentenced in open court. In our judgment, the petition for writ of habeas corpus was properly denied.

Accordingly, the judgment of the district court denying the petition for the writ is affirmed; and it is so ordered.